**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10434 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00078-DCB |
| v. | |
| JESUS TRUJILLO-BRAVO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted September 13, 2010**

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Jesus Trujillo-Bravo appeals from the 57-month sentence imposed following his guilty-plea conviction for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We decline to review Trujillo-Bravo's contention that the district court misapplied this Court's precedent concerning the departure from the Sentencing Guidelines based on cultural assimilation. "After *Booker*, the scheme of downward and upward departures has been replaced by the requirement that judges impose a reasonable sentence." *United States v. Tankersley*, 537 F.3d 1100, 1113 (9th Cir. 2008) (citing *United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir. 2006). "The old departure scheme is relevant today only insofar as factors that might have supported (or not supported) a departure may tend to show that a non-guidelines sentence is (or is not) reasonable." *Tankersley*, 537 F.3d at 1114.

The record indicates that the district court's sentencing explanation was adequate under the circumstances, and that the court did not otherwise procedurally err. *See Rita v. United States*, 551 U.S. 338, 359 (2007); *United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc). Under the totality of the circumstances and the factors set forth in 18 U.S.C. § 3553(a), we cannot say that the 57-month bottom-of-the-Guidelines sentence imposed by the district court was substantively unreasonable. *See Carty*, 520 F.3d at 993.

**AFFIRMED.**

09-10434